IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEPSON DARLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 13-014-CG-M |
| | ) |
| PUBLIX SUPER MARKETS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This action is before the court on defendant's motion to dismiss and for sanctions (Doc. 25), plaintiff's response thereto (Doc. 28), and plaintiff's motion to dismiss (Doc. 26). For reasons explained below, the court finds the motions to dismiss and defendant's motion for sanctions should be granted.

## FACTS

Plaintiff filed this action on January 15, 2013, alleging that defendant violated the Family Medical Leave Act (FMLA). (Doc. 1). On May 20, 2013, defendant served interrogatories and request for production of documents to plaintiff. (Doc. 25-1). When plaintiff failed to respond to the discovery requests, defendant e-mailed plaintiff's counsel regarding the status of the discovery requests, but still received no response. (Doc. 25-2). Ten days later, on June 27, 2013, defendant sent a second e-mail to which plaintiff's counsel responded that he

1

would provide responses by June 30, 2013. (Doc. 25-3). On July 5, 2013, defendant had still received no discovery responses and sent another e-mail to plaintiff. (Doc. 25-4). Counsel for plaintiff and defendant reportedly then had a telephone conference to discuss the delinquent discovery responses. (Doc. 15, ¶ 6). On July 8, 2013, plaintiff's counsel stated by email that he was hoping to review the requests with his client that day and asked that he be given until July 10, 2013 to respond. (Doc. 25-5). On July 12, 2013, defendant's counsel e-mailed again, inquiring whether they could discuss the matter by phone. (Doc. 25-6). Counsel had a telephone conversation on July 15, 2013 in which plaintiff's counsel stated he would have the discovery responses by the end of the day. (Doc. 25, ¶ 9). On July 16, 2013 defendant's counsel e-mailed again and requested that he please provide the responses and documents by July 22, 2013. (Doc. 25-7). On July 23, 2013, plaintiff's counsel finally sent defendant initial disclosures and responses to the interrogatories, but the interrogatories were not under oath or signed by plaintiff and there was no response to the request for production of documents. (Doc. 25-8). On July 23 and 24, 2013, defendant's counsel again e-mailed plaintiff's counsel requesting verification of the responses and inquiring about the status of the request for production of documents. (Docs. 25-9, 25-10). On August 5, 2013, defendant's counsel sent another email stating that he was waiting on the responses and documents and the verification and requesting that plaintiff's counsel send them by August 8, 2013. (Doc. 25-10). Plaintiff's counsel reportedly never responded to the e-mail. (Doc. 25, ¶ 14). On September 9, 2013, defendant's counsel

left a phone message asking plaintiff's counsel to call. After again receiving no response, defendant's counsel sent e-mails on September 10, and 12, 2013 and finally filed a motion to compel discovery on September 30, 2013.

Defendant took plaintiff's deposition on October 8, 2013, at which time plaintiff revealed that his claim was based on his denial of leave to care for his brother. Plaintiff's complaint only stated that his requested leave was for an immediate family member and for the death of a close family member. (Doc. 1, ¶ 5). Because FMLA caregiver leave generally applies only to care for an employee's spouse, son, daughter, or parent, defendant sent plaintiff a letter requesting that plaintiff dismiss the case and warning that if plaintiff proceeded, defendant would file Rule 11 motions and seek attorney's fees and costs. (Doc. 25-13). Plaintiff reportedly never responded.

On October 15, 2013, the court granted plaintiff's motion to compel. This court's orders required plaintiff to answer and produce as requested by October 23, 2013 and ordered defendant to submit an accounting by affidavit of any attorney's fees and expenses claimed. (Docs. 20, 21). Defendant submitted an affidavit averring that defendant had incurred $2,492.00 in fees and costs in drafting the motion to compel. (Doc. 22). Plaintiff has reportedly still not responded to defendant's written discovery. Discovery in this case closed on November 1, 2013.

On November 6, 2013, defendant filed the current motion seeking dismissal and sanctions. (Doc. 25). The next day, defendant moved for dismissal, stating that "upon review of the pleadings and research of issues raised by Defendant

3

concerning coverage of FMLA" the plaintiff, "moves to dismiss his claims with prejudice." (Doc. 26). After being ordered to show cause why defendant's motion should not be granted, plaintiff responded that he was required to research the issue before he could agree that dismissal was appropriate. (Docs. 27, 28). Specifically, plaintiff states that he researched whether the facts would support an argument that the plaintiff "was standing in loco parentis to the sibling in question." (Doc. 28, ¶ 4). Plaintiff's counsel explained that "such an argument may have been possible, but it appeared that there were insufficient facts to support the employer's notice of the relationship." (Doc. 28, ¶ 4). Plaintiff's counsel apologized for his delay in reaching the determination to dismiss the cause and stated that he would be responsible for any sanctions issued. (Doc. 28, ¶ 6). Plaintiff's counsel did not deny or object to the facts reported by defense counsel.

**DISCUSSION**

Defendant moves for dismissal and sanctions pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) (citations omitted). Rules 37(b) and 41(b) allow the Court to dismiss a plaintiff's complaint if a plaintiff has failed to prosecute or failed to comply with a Court's Order or the federal rules. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). "Dismissal under [Rule 37 and

4

41], while an extreme sanction, is appropriate where a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and the district court specifically finds that lesser sanctions would not suffice." Pippen v. Georgia–Pacific Gypsum, LLC, 408 F. App'x 299, 303 (11th Cir.2011) (internal quotations and citation omitted). The Northern District of Alabama recently explained the circumstances under which the sanction of dismissal is appropriate:

> Rule 41(b), Fed.R.Civ.P., provides in pertinent part that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for a dismissal of an action or any claim against the defendant." Generally, a decision to dismiss for want of prosecution rests within the district court's discretion. The courts have an inherent power to invoke such a sanction "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). However, the sanction of dismissal, especially with prejudice, is considered severe and should be imposed "only in the face of a clear record of delay or contumacious conduct by the plaintiff." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967).
>
> Dismissal is a sanction of last resort, applicable only in extreme circumstances, and appropriate only when less drastic sanctions would be ineffective. McKelvey v. AT & T Tech., Inc., 789 F.2d 1518, 1520 (11th Cir.1986); State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir.1982); Martin–Trigona v.. Morris, 627 F.2d 680, 682 (5th Cir.1980). Dismissal with prejudice has been upheld where a plaintiff has repeatedly failed to obey court orders and pretrial orders. See Goforth v. Owens, 766 F.2d 1533 (11th Cir.1985); Jones v. Graham, 709 F.2d 1457 (11th Cir.1983); Anthony v. Marion County Gen. Hosp., 617 F.2d 1164 (5th Cir.1980); In re Liquid Carbonic Truck Drivers Chem. Poisoning Litig., 580 F.2d 819 (5th Cir.1978). While it is preferable to forewarn a plaintiff that dismissal under Rule 41(b) is being considered, advance notice is not necessary. Link, 370 U.S. at 632, 82 S.Ct. at 1389–90; Martin–Trigona, 627 F.2d at 681 n. 1. A plaintiff does not have to completely abandon prosecution of an action to warrant dismissal; dismissal has been upheld even where a plaintiff has conducted discovery and participated in hearings. See, e.g., Hartline, supra; Jones v. Graham, supra; Lopez v. Aransas County

> Indep. Sch. Dist., 570 F.2d 541 (5th Cir.1978); Delta Theatres, Inc. v. Paramount Pictures, Inc., 398 F.2d 323 (5th Cir.1968). Repeated delays or disregard of court orders or deadlines can support dismissal, where the plaintiff acts deliberately rather than negligently. McKelvey, 789 F.2d at 1520.

Branch v. Arby's Restaurant Group, Inc., 2013 WL 4874321, *4 (N.D. Ala. September 12, 2013).

In the instant case, plaintiff agrees to dismissal of his case with prejudice. Thus, the court will not belabor the issue, but finds that dismissal is appropriate. The bigger question is whether and to what extent attorney's fees and cost should be awarded as a sanction for counsel's conduct.

Under Rule 37(b) "the court must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir.1997) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). District courts have "considerable discretion in managing discovery and determining that reasonable people could differ in the appropriateness of ... discovery requests." Neumont v. Fla., 610 F.3d 1249, 1253 (11th Cir. 2010).

Plaintiff's counsel asserts that although an FMLA cause is not available based on the illness or care of a sibling he was required to research the issue before he could agree that dismissal was appropriate. Plaintiff's counsel states that he

6

researched whether the facts would support an argument that the plaintiff was standing in loco parentis to the sibling in question. Plaintiff's counsel explained that such an argument may have been possible, but it appeared that there were insufficient facts to support the employer's notice of the relationship.

For purposes of FMLA, leave may be taken "to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). "The term 'son or daughter' means a biological, adopted, or foster child, a step child, a legal ward, or a child of a person standing in loco parentis, who is – (A) under 18 years of age; or (B) 18 years of age or older and incapable of self-care because of a mental or physical disability." 29 U.S.C. § 2611(12).[1] "Persons who are 'in loco parentis' include those with day-to-day responsibilities to care for and financially support a child." 29 CFR § 825.122(d)(3).

After reviewing plaintiff's response and the above legal tenets, the court is perplexed as to why it would take a significant amount of time to research the issue. The circumstances of plaintiff's care of his sibling were known to plaintiff and the legal issues are not overly complex. Plaintiff has not provided the court with any detail to show that the circumstances made this a close case or that counsel had

---

[1] The Code of Federal Regulations also defines "Son or daughter" as follows:
> For purposes of FMLA leave taken for birth or adoption, or to care for a family member with a serious health condition, son or daughter means a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is either under age 18, or age 18 or older and "incapable of self-care because of a mental or physical disability" at the time that FMLA leave is to commence.

29 CFR § 825.122(d).

difficulty obtaining information from his client. "[U]nder Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1255 (11th Cir. 1996). While, plaintiff contends that an argument for loco parentis "may have been possible" he has offered no facts or details to show that reasonable people could differ as to whether the claim was actionable. Moreover, even if there were facts that might support his claim plaintiff's counsel has offered no explanation, other than an apology to the court, as to why he failed to timely respond to discovery and failed to comply with this court's order. Plaintiff's counsel did not merely miss a deadline or accidently omit information, he repeatedly ignored defense counsel's numerous pleas and continually made promises to make amends that he did not keep. The resulting delay in this matter was substantial. If plaintiff's counsel had researched the claim prior to filing the complaint or had timely answered discovery and diligently proceeded with the case, the matter would have been quickly concluded. Instead, the case has been pending for over a year. Accordingly, the court finds the plaintiff's counsel should pay the reasonable expenses, including attorney's fees, caused by plaintiff's failure to timely answer discovery.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss and for sanctions (Doc. 25) is **GRANTED** and defendant will be awarded the reasonable expenses,

including attorney's fees, caused by plaintiff's failure to timely answer discovery and to comply with this court's order to compel.

Defense counsel has submitted an affidavit stating that the attorney's fees and costs incurred in drafting the motion to compel is $2,492.00. (Doc. 22). No objection has been filed to defendant's affidavit and the $2,492.00 will be awarded. However, since the affidavit only included the expenses incurred in actually drafting the motion to compel, there may be additional amounts that were incurred as a result of plaintiff's delay before and/or after defendant filed the motion to compel. If any additional fees and expenses are claimed, defendant is **ORDERED** to submit **on or before February 24, 2014**, an accounting by affidavit of any additional fees and expenses which were incurred as a result of plaintiff's delay in providing discovery. Any objection to any additional claimed amounts should be filed with the court within five days of service of the affidavit.

Final judgment will be entered once all of the attorney fee issues have been decided.

**DONE** and **ORDERED** this 10th day of February, 2014.

/s/ Callie V. S. Granade
**UNITED STATES DISTRICT JUDGE**